# EXHIBIT A

 **(/DEFAULT.ASPX)**

Civil

Case Information

Thirteenth Judicial Circuit of Kanawha County


20-C-1046

Judge: TERA SALANGO

CITY OF SOUTH CHARLESTON, A WV MUNICIPAL VS. JOHNSON CONTROLS, INC., A WISCONSIN CORP


**Plaintiff(s)**

                           **Plaintiff Attorney(s)**

CITY OF SOUTH CHARLESTON

VIRGINI, CITY OF SOU

               MICHAEL J DEL GIUDICE


**Defendant(s)**

                           **Defendant Attorney(s)**

A.O. SMITH CORPORATION

BEDIVERE INSURANCE COMPANY

CORP, JOHNSON CONTRO

CORPORATION, A.O. SM

FERGUSON ENTERPRISES, LLC

JOHNSON CONTROLS, INC

ONEBEACON INSURANCE COMPANY

                                 N/A


Date Filed: 12/04/2020

Case Type: WARRANTY

Appealed: 0

Final Order Date: N/A

Statistical Close Date: N/A


| Line | Date | Action / Result |
|------|------|-----------------|
| 0001 | 12/04/2020 | # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 8 CPYS; F FEE; RCPT |
| 0002 | | 583884; $260.00 |
| 0003 | 12/28/2020 | @ LET FR SS DTD 12/22/20; SUM W/RET (12/22/20 SS) AS TO FERGUSON |
| 0004 | | ENTERPRISES LLC |
| 0005 | 12/28/2020 | @ LET FR SS DTD 12/22/20; SUM W/RET (12/22/20 SS) AS TO BEDIVERE |
| 0006 | | INS CO |
| 0007 | 12/28/2020 | @ LET FR SS DTD 12/22/20; SUM W/RET (12/22/20 SS) AS TO JOHNSON |
| 0008 | | CONTROLS INC |

```
0009    12/28/2020    @ LET FR SS DTD 12/22/20; SUM W/RET (12/22/20 SS) AS TO A.O.

0010                  SMITH CORP

0011    01/05/2021    # (3) E-CERTS FR SS

0012    01/12/2021    # E-CERT FR SS AS TO A.O. SMITH CORP. DTD 1/5/21
```

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

## IN THE CIRCUIT COURT, KANAWHA COUNTY, WEST VIRGINIA

*2020 DEC -4 PM 1:28*

*CATHY S. ...*
*KANAWHA COUNTY CIRCUIT COURT*

**I.   CASE STYLE:**

CITY OF SOUTH CHARLESTON,
a West Virginia municipality,

      **PLAINTIFF,**

**VS.**
                        CIVIL ACTION NO. *20-C-1044*
                                           *Salango*

JOHNSON CONTROLS, INC., a
Wisconsin corporation; A.O. SMITH
CORPORATION, a New York corporation;
FERGUSON ENTERPRISES, LLC, a Virginia
limited liability company; and BEDIVERE
INSURANCE COMPANY d/b/a ONEBEACON
INSURANCE COMPANY, a Pennsylvania
insurance company,

      **DEFENDANTS.**

| | Days to Answer | Service |
|---|---|---|
| JOHNSON CONTROLS, INC.<br>c/o CT Corporation System<br>1627 Quarrier Street<br>Charleston, West Virginia 25311 | 30 | Secretary of State |
| A.O. SMITH CORPORATION<br>c/o James Stern<br>P.O. Box 245008<br>Milwaukee, Wisconsin 53224 | 30 | Secretary of State |
| FERGUSON ENTERPRISES, LLC<br>c/o Corporate Creations Network Inc.<br>126 East Burke Street<br>Martinsburg, West Virginia 25401 | 30 | Secretary of State |
| BEDIVERE INSURANCE COMPANY d/b/a<br>ONEBEACON INSURANCE COMPANY<br>c/o Corporation Service Company<br>209 West Washington Street<br>Charleston, West Virginia 25302 | 30 | Secretary of State |

PYMT Type *K*
Rcpt # *563884*     $200 ✓ $135
Iss. Sum.+ ✓ cc     No Sum. Iss
✓Ret. to Atty.     $20cm X
__Mailed CM/RM     $5 clk X
__Mailed to sos w/ck#
__Sent to ____ w/ck# ____   $15 mdf X *4*

**Original of Complaint and 5 copies furnished herewith.**

PLAINTIFF(S): CITY OF SOUTH CHARLESTON,        CASE NO.
a West Virginia municipality
DEFENDANT(S): JOHNSON CONTROLS, INC., a Wisconsin corporation; A.O.
SMITH CORPORATION, a New York corporation; FERGUSON ENTERPRISES,
LLC, a Virginia limited liability company; and BEDIVERE INSURANCE
COMPANY d/b/a ONEBEACON INSURANCE COMPANY, a Pennsylvania
insurance company

II.  TYPE OF CASE:

| | | |
|---|---|---|
| ☐ ASBESTOS | ☐ ADOPTION | ☐ APPEAL FROM MAGISTRATE COURT |
| ☐ PROFESSIONAL MALPRACTICE | ☐ CONTRACT | ☐ PETITION FOR MODIFICATION OF MAGISTRATE SENTENCE |
| ☐ PERSONAL INJURY | ☐ REAL PROPERTY | ☐ MISCELLANEOUS CIVIL |
| ☐ PRODUCT LIABILITY | ☐ MENTAL HEALTH | ■ OTHER |
| ☐ OTHER TORT | ☐ APPEAL OF ADMINISTRATIVE AGENCY | |

III.  JURY DEMAND ■ YES  ☐ NO

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): _____

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE
     SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?

     ☐ YES  ■ NO

     IF YES, PLEASE SPECIFY;

☐ Wheelchair accessible hearing room and other facilities.
☐ Interpreter or other auxiliary aid for the hearing impaired.
☐ Reader or other auxiliary aid for the visually impaired.
☐ Spokesperson or other auxiliary aid for the speech impaired.
☐ Other: UNKNOWN

Attorney Name:  Michael J. Del Giudice #982          Representing:

Firm:  CICCARELLO, DEL GIUDICE & LaFON         ■ Plaintiff   Defendant

Address: 1219 Virginia Street, East, Suite 100
         Charleston, West Virginia  25301
Telephone: (304) 343-4440
Dated:  11-23-20

_____ Pro Se                                     Signature

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**CITY OF SOUTH CHARLESTON,**
**a West Virginia municipality,**

FILED

2020 DEC -14 PM 1: 28

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

PLAINTIFF,

VS.

CIVIL ACTION NO. 20-C-1046

Sciango

**JOHNSON CONTROLS, INC., a**
**Wisconsin corporation; A.O. SMITH**
**CORPORATION, a New York corporation;**
**FERGUSON ENTERPRISES, LLC, a Virginia**
**limited liability company; and BEDIVERE**
**INSURANCE COMPANY d/b/a ONEBEACON**
**INSURANCE COMPANY, a Pennsylvania**
**insurance company,**

DEFENDANTS.

## COMPLAINT

Now comes the Plaintiff, City of South Charleston, by counsel, who for its causes of action against the Defendants, Johnson Controls, Inc., A.O. Smith Corporation, Ferguson Enterprises, LLC and Bedivere Insurance Company d/b/a OneBeacon Insurance Company, states as follows:

## PARTIES

1.     The Plaintiff, City of South Charleston, now is and at all times hereinmentioned was a West Virginia municipality located in Kanawha County, West Virginia.

2.     The Defendant, Johnson Controls, Inc. (hereinafter referred to as "Defendant Johnson Controls"), now is and at all times hereinmentioned was a Wisconsin corporation doing business in Kanawha County, West Virginia.

3.     The Defendant, A.O. Smith Corporation (hereinafter referred to as Defendant "A.O. Smith"), now is and at all times hereinmentioned was a New

York corporation doing business in Kanawha County, West Virginia.

4.     The Defendant, Ferguson Enterprises, LLC (hereinafter referred to as "Defendant Ferguson"), now is and at all times hereinmentioned was a Virginia limited liability company doing business in Kanawha County, West Virginia.

5.     The Defendant, Bedivere Insurance Company d/b/a OneBeacon Insurance Company (hereinafter referred to as "Defendant OneBeacon"), now is and all times hereinmentioned was a Pennsylvania insurance company doing business in Kanawha County, West Virginia under the name of OneBeacon Insurance Company.

### JURISDICTION AND VENUE

6.     In that all that the parties herein reside or do business in Kanawha County, West Virginia and that all acts, omissions and breaches of contract alleged herein occurred in Kanawha County, West Virginia, jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia.

### STATEMENT OF FACTS

7.     In or since the 1970's, the Plaintiff has owned and operated a community center located on Jefferson Road, South Charleston, West Virginia (hereinafter referred to as the "Community Center").

8.     Since January 2, 2002, the Plaintiff has owned and operated the South Charleston Memorial Ice Arena located at 20 RHL Boulevard, South Charleston, West Virginia (hereinafter referred to as the "Ice Arena").

9.     Since approximately 2010, the Plaintiff has purchased a property insurance policy through Defendant OneBeacon in the event any of its

2

equipment was damaged, including equipment located at the Community Center and the Ice Arena.

10.   In or about February 2013, the Plaintiff entered into a Planned Service Agreement with Defendant Johnson Controls whereby, for an annual fee, Defendant Johnson Controls would provide maintenance services for the equipment located at the Community Center and the Ice Arena.

11.   In the fall of 2014, the steam boiler at the Community Center needed to be replaced.

12.   The Plaintiff purchased a replacement hot water boiler (hereinafter referred to as the "Boiler") that was manufactured by Defendant A.O. Smith, distributed by Defendant Ferguson, installed by Defendant Johnson Controls and insured by Defendant OneBeacon.

13.   Together with the Boiler, the Plaintiff received an Implied Warranty of Merchantability as well as an express five-year warranty from the manufacturer.

14.   In or about August 2019, the Boiler broke.

15.   The Plaintiff filed claims with Defendant A.O. Smith, Defendant Ferguson and Defendant Johnson Controls to have the broken Boiler covered under either the implied or expressed warranties covering the Boiler.

16.   Defendant A.O. Smith, Defendant Ferguson and Defendant Johnson Controls have all denied liability and responsibility to replace the broken Boiler under either the implied or expressed warranties.

17.   Due to the denials by Defendant A.O. Smith, Defendant Ferguson and Defendant Johnson Controls, the Plaintiff had to purchase a new boiler for

3

the sum of $24,909.00, even though the old Boiler was still under warranty and less than five years old.

18.    In or about 2017, the Compressor at the Ice Arena needed to be rebuilt and the Chiller Evaporator and needed to have its tubes replaced.

19.    This rebuild and tube replacement was covered under the Planned Maintenance Agreement with Defendant Johnson Controls.

20.    Defendant Johnson Controls acknowledged that it was covered under the Planned Maintenance Agreement, but refused to perform said work, thus intentionally breaching the Planned Maintenance Agreement.

21.    Because of Defendant Johnson Control's refusal to perform the work required under the Planned Maintenance Agreement and its breach of the Planned Maintenance Agreement, the Plaintiff terminated the Planned Maintenance Agreement on or about June 1, 2018.

22.    On or about January 23, 2020, the Chiller Evaporator for the Ice Arena (hereinafter referred to as the "Chiller Evaporator") broke.

23.    Said Chiller Evaporator broke as a direct result of Defendant Johnson Control's refusal to provide maintenance as required under the Planned Maintenance Agreement.

24.    When said Chiller Evaporator broke, the ammonia within the tubes contaminated the entire system which has to now be completely replaced at a cost which will exceed $368,969.00.

25.    The entire system, including the Chiller Evaporator, Compressor and accessory components, were all covered under insurance policy the Plaintiff maintained with Defendant OneBeacon.

4

26.     When said Chiller Evaporator broke and contaminated the entire system, the Plaintiff filed a claim with Defendant OneBeacon.

27.     Defendant Johnson Controls has refused liability and responsibility for the broken Chiller Evaporator and resulting damage to the entire system.

28.     Defendant OneBeacon has wrongfully denied the claim filed by the Plaintiff for the broken system.

## FIRST CAUSE OF ACTION

### (Breach of Implied Warranty – The Boiler)

29.     The Plaintiff realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     When the Plaintiff purchased the Boiler in 2015, it received Implied Warranties of Merchantability and Fitness for a Particular Use from Defendant A.O. Smith and Defendant Ferguson.

31.     When the Boiler broke in 2019, the Plaintiff requested Defendant A.O. Smith and Defendant Ferguson cover the broken Boiler under the Implied Warranties of Merchantability and Fitness for a Particular Use.

32.     Both Defendant A.O. Smith and Defendant Ferguson have refused and continue to refuse to cover the broken Boiler under the Implied Warranties of Merchantability and Fitness for a Particular Use.

33.     As a direct and proximate result of Defendant A.O. Smith and Defendant Ferguson's refusal to cover the broken Boiler under the Implied Warranties of Merchantability and Fitness for a Particular Use, the Plaintiff has been damaged as set forth hereinbelow.

## SECOND CAUSE OF ACTION

### (Breach of Express Warranty – The Boiler)

34.    The Plaintiff realleges, reasserts and incorporates by reference, each and every allegation set forth in Paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.    When the Plaintiff purchased the Boiler in 2015, it received Express Warranties of Merchantability and Fitness for a Particular Use from Defendant A.O. Smith and Defendant Ferguson.

36.    When the Boiler broke in 2019, the Plaintiff requested that Defendant A.O. Smith and Defendant Ferguson cover the broken Boiler under the Express Warranties of Merchantability and Fitness for a Particular Use.

37.    Both Defendant A.O. Smith and Defendant Ferguson have refused and continue to refuse to cover the broken Boiler under the Express Warranties of Merchantability and Fitness for a Particular Use.

38.    As a direct and proximate result of Defendant Smith and Defendant Ferguson's refusal to cover the broken Boiler under the Express Warranties of Merchantability and Fitness for a Particular Use, the Plaintiff has been damaged as set forth hereinbelow.

## THIRD CAUSE OF ACTION

### (Breach of Contract – Defendant Johnson)

39.    The Plaintiff realleges, reasserts and incorporates by reference, each and every allegation set forth in Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.    There existed a contract by and between the Plaintiff and Defendant

6

Johnson, whereby Defendant Johnson was to maintain the Plaintiff's equipment and in particular, the Boiler and the Chiller Evaporator.

41.     Defendant Johnson breached said contract by failing to maintain the Boiler and the Chiller Evaporator as required under the contract.

42.     As a direct and proximate result of Defendant Johnson's breach of said contract, the Plaintiff has been damaged set forth hereinbelow.

### FOURTH CAUSE OF ACTION

### (Negligence – Defendant Johnson Controls)

43.     The Plaintiff realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.     Defendant Johnson had a duty to maintain the Plaintiff's equipment as would a reasonably prudent corporation performing maintenance work under the same or similar circumstances.

45.     Defendant Johnson breached said duty by failing to maintain the Plaintiff's Boiler and Chiller Evaporator as would a reasonably prudent corporation performing maintenance work under the same or similar circumstances.

46.     As a direct and proximate result of Defendant Johnson's breach of said duty, the Plaintiff has incurred damages as set forth hereinbelow.

### FIFTH CAUSE OF ACTION

### (Denial of Insurance Claim – Defendant OneBeacon)

47.     The Plaintiff realleges, reasserts and incorporates by reference each

and every allegation set forth in Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.   There existed a contract by and between the Plaintiff and Defendant OneBeacon whereby Defendant OneBeacon agreed to provide insurance coverage to the Plaintiff for damage incurred to its equipment.

49.   The Plaintiff did incur damage to its equipment and established a claim with Defendant OneBeacon seeking coverage for such damage.

50.   Defendant OneBeacon breached its contract with the Plaintiff by failing to provide coverage under the insurance contract it issued to the Plaintiff for damage incurred to its equipment.

51.   As a direct and proximate result of Defendant OneBeacon's breach of said contract, the Plaintiff has incurred damages as set forth herein below.

**SIXTH CAUSE OF ACTION**

**(Bad Faith – Defendant OneBeacon)**

52.   The Plaintiff realleges, reasserts and incorporates by reference, each and every allegation set forth in Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.   Defendant OneBeacon had a duty to handle the Plaintiff's claim fairly and in good faith.

54.   Defendant OneBeacon breached said duty by failing to handle the Plaintiff's claim fairly and in good faith, but instead, refused to provide coverage for property damage covered under contract and doing so in bad faith accompanied by malicious intention to injure the Plaintiff financially.

55.    As a direct and proximate result of Defendant OneBeacon's bad faith and malicious intention, the Plaintiff is entitled to damages as set forth hereinbelow.

### SEVENTH CAUSE OF ACTION

#### (Violations of the Unfair Trade Practices Act in West Virginia – Defendant One Beacon)

56.    The Plaintiff realleges, reasserts and incorporates by reference, each and every allegation set forth in Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    Defendant OneBeacon had a duty to comply with all of the provisions of the West Virginia Unfair Trade Practices Act as provided for in West Virginia Code §33-11-1 et seq.

58.    Defendant OneBeacon breached said duty by specifically violating those duties established under the West Virginia Unfair Trade Practices Act and in particular, by violating West Virginia Code §33-11-4(9):

      (a)    Failing to adopt and implement reasonable standards for the prompt investigation of the Plaintiff's claim;

      (b)    Refusing to pay the Plaintiff's claim without conducting reasonable investigation based upon all available information;

      (c)    Not attempting in good faith to effectuate fair and equitable settlement of the Plaintiff's claim after liability had become reasonably clear;

      (d)    Compelling the Plaintiff to institute litigation against Defendant OneBeacon to recover amounts due under the

insurance policy; and

(e)     Such other violations as to be determined through litigation.

59.     Defendant OneBeacon has a general business practice of violating the West Virginia Unfair Trade Practices Act.

60.     Defendant OneBeacon knew the Plaintiff's claim was proper, but willfully, maliciously and intentionally utilized unfair business practices in failing to properly settle the claim.

61.     As a direct and proximate result of Defendant OneBeacon's violations of West Virginia Code §33-11-4(9), and its general business practices of violating the West Virginia Unfair Trade Practices Act, the Plaintiff has incurred damages as set forth hereinbelow.

**DAMAGES**

62.     As a direct and proximate result of the Defendants' wrongful conduct as set forth hereinabove, the Plaintiff is entitled to the following damages:

A.     Cost of replacement of the Boiler at the Community Center;

B.     Cost of replacement of the Chiller Evaporator, compressor, condenser, heat exchangers, other accessory parts and equipment, and related labor to repair the refrigeration system at the Ice Arena;

C.     Loss of income to the Ice Arena from January 23, 2020 through March 15, 2020;

D.     Punitive damages from Defendant OneBeacon;

E.     Pre-and post judgment interest;

10

F.    Attorney fees; and

G.    Such other damages as may be determined through litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment of and against the Defendants, and each of them, for compensatory and punitive damages as to be determined by a jury.  The Plaintiff requests it be awarded its cost and expenses incurred and having to bring this action, including reasonable attorney fees, and for such other relief as this Court deems just.

**Plaintiff demands Trial by jury.**

**CITY OF SOUTH CHARLESTON**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By:_____
   Michael J. Del Giudice (WV #982)
   1219 Virginia Street East, Suite 100
   Charleston, West Virginia 25301
   Phone: (304) 343-4440
   Attorney for Plaintiff

# EXHIBIT B

# Wisconsin Department of Financial Institutions
### Strengthening Wisconsin's Financial Future

Search for:
Johnson Controls, Inc.

[Search Records]

Search
Advanced Search
Name Availability

**Corporate Records**

Result of lookup for **1J03577** (at 1/4/2021 4:34 PM )

# JOHNSON CONTROLS, INC.

**You can:** File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

## Vital Statistics

| | |
|---|---|
| **Entity ID** | 1J03577 |
| **Registered Effective Date** | 07/31/1900 |
| **Period of Existence** | PER |
| **Status** | Restored to Good Standing   Request a Certificate of Status |
| **Status Date** | 07/19/2005 |
| **Entity Type** | Domestic Business |
| **Annual Report Requirements** | Business Corporations are required to file an Annual Report under s.180.1622 WI Statutes. |

## Addresses

| | |
|---|---|
| **Registered Agent Office** | C T CORPORATION SYSTEM<br>301 S. BEDFORD ST. SUITE 1<br>MADISON , WI 53703<br><br>File a Registered Agent/Office Update Form |
| **Principal Office** | 5757 N. GREEN BAY AVENUE<br>MILWAUKEE , WI 53209<br>UNITED STATES OF AMERICA |

## Historical Information

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|------|------|-------|----------|-----------|
| 2020 | 111 | 1111 | paper | image |
| 2019 | 111 | 1111 | paper | image |
| 2018 | 111 | 1111 | paper | image |
| 2017 | 111 | 1111 | paper | image |
| 2016 | 111 | 1111 | paper | image |
| 2015 | 000 | 0000 | online | database |
| 2014 | 000 | 0000 | online | database |
| 2013 | 000 | 0000 | online | database |
| 2012 | 000 | 0000 | online | database |
| 2011 | 000 | 0000 | online | database |
| 2010 | 000 | 0000 | online | database |

JOHNSON CONTROLS, INC. (1J03577)

| | | | | |
|---|---|---|---|---|
| 2009 | 000 | 0000 | online | database |
| 2008 | 000 | 0000 | online | database |
| 2007 | 000 | 0000 | online | database |
| 2006 | 000 | 0000 | online | database |
| 2005 | 111 | 1111 | paper | image |
| 2003 | 111 | 1111 | paper | image |
| 2002 | 011 | 2053 | paper | microfilm |
| 2001 | 017 | 2221 | paper | microfilm |
| 2000 | 020 | 1814 | paper | microfilm |
| 1999 | 023 | 0316 | paper | microfilm |
| 1998 | 017 | 2481 | paper | microfilm |
| 1997 | 021 | 1064 | paper | microfilm |
| 1996 | 020 | 1177 | paper | microfilm |
| 1995 | 021 | 1376 | paper | microfilm |
| 1994 | 019 | 1889 | paper | microfilm |
| 1993 | 017 | 0886 | paper | microfilm |

File an Annual Report - Order a Document Copy

**Certificates of Newly-elected Officers/Directors**

| Year | Reel | Image | Filed By | Stored On |
|---|---|---|---|---|
| 1988 | 151 | 1220 | paper | microfilm |
| 1987 | 154 | 0375 | paper | microfilm |
| 1987 | 152 | 0993 | paper | microfilm |
| 1986 | 152 | 0101 | paper | microfilm |
| 1985 | 151 | 0411 | paper | microfilm |

Order a Document Copy

**Old Names**

| Change Date | Name |
|---|---|
| Current | JOHNSON CONTROLS, INC. |
| 11/11/1974 | JOHNSON SERVICE COMPANY |
| 07/10/1902 | JOHNSON ELECTRIC SERVICE COMPANY |

**Chronology**

| Effective Date | Transaction | Filed Date | Description |
|---|---|---|---|
| 07/31/1900 | Incorporated/Qualified/Registered | 07/31/1900 | ***RECORD IMAGED*** |
| 07/10/1902 | Amendment | 07/10/1902 | NAME CHG |
| 04/30/1903 | Amendment | 04/30/1903 | |
| 05/10/1913 | Amendment | 05/10/1913 | |
| 04/02/1915 | Amendment | 04/02/1915 | |
| 02/11/1929 | Amendment | 02/11/1929 | |
| 02/12/1938 | Amendment | 02/12/1938 | |
| 04/18/1950 | Amendment | 04/18/1950 | |
| 07/18/1950 | Restated Articles | 07/18/1950 | (CORRECTION) |
| 05/27/1953 | Change of Registered Agent | 05/27/1953 | |
| 04/12/1955 | Amendment | 04/12/1955 | |
| 04/21/1960 | Amendment | 04/21/1960 | |

1/4/2021                                  JOHNSON CONTROLS, INC. (1J03577)

| 04/11/1961 | Amendment | 04/11/1961 | |
|---|---|---|---|
| 10/28/1968 | Merger (survivor) | 10/28/1968 | 2P00797 (PENN CONTROLS, INC.) & |
| 10/28/1968 | Utility line for long descriptions | 10/28/1968 | RESTATES ARTICLES, CHGS REGD OFFICE |
| 05/07/1969 | Amendment | 05/07/1969 | |
| 01/27/1970 | Amendment | 01/27/1970 | |
| 11/11/1974 | Amendment | 11/11/1974 | NAME CHG |
| 05/04/1978 | Amendment | 05/04/1978 | |
| 10/10/1978 | Merger (survivor) | 10/10/1978 | G. 308 FGN (GLOBE-UNION INC.) |
| 12/28/1978 | Change of Registered Agent | 12/28/1978 | |
| 09/21/1981 | Change of Registered Agent | 09/21/1981 | |
| 02/09/1984 | Amendment | 02/09/1984 | |
| 08/29/1985 | Amendment | 08/29/1985 | |
| 02/21/1986 | Amendment | 02/21/1986 | |
| 11/06/1987 | Change of Registered Agent | 11/06/1987 | |
| 05/24/1989 | Amendment | 05/24/1989 | |
| 11/02/1995 | Restated Articles | 11/02/1995 | CHGS REGD OFFICE |
| 04/23/1997 | Restated Articles | 04/28/1997 | |
| 10/01/2000 | Merger (survivor) | 09/29/2000 | 2E025382 (ELECTRONIC SYSTEMS USA, INC.) |
| 01/01/2001 | Merger (survivor) | 12/27/2000 | UNL FGN CORP |
| 06/19/2002 | Merger (survivor) | 06/20/2002 | UNL FGN CORP |
| 12/12/2003 | Amendment | 12/15/2003 | |
| 07/01/2005 | Delinquent | 07/01/2005 | |
| 07/19/2005 | Restored to Good Standing | 07/19/2005 | |
| 01/25/2006 | Change of Registered Agent | 02/01/2006 | |
| 09/11/2007 | Restated Articles | 09/14/2007 | |
| 09/18/2007 | Change of Registered Agent | 09/18/2007 | FM16-E-Form |
| 02/15/2008 | Change of Registered Agent | 02/18/2008 | |
| 09/30/2009 | Merger (survivor) | 09/28/2009 | E-FILED UNL FGN |
| 01/26/2011 | Restated Articles | 01/27/2011 | CHGS REGD OFF ADD |
| 03/31/2011 | Merger (survivor) | 03/29/2011 | UNL FGN CORP |
| 01/24/2013 | Restated Articles | 01/25/2013 | |
| 12/30/2014 | Change of Registered Agent | 12/30/2014 | FM13-E-Form |
| 09/16/2015 | Change of Registered Agent | 09/16/2015 | FM13-E-Form |
| 09/02/2016 | Merger (survivor) | 09/06/2016 | J043496 (JAGARA MERGER SUB LLC); SURVIVOR RESTATES ARTICLES OF INCORPORATION |
| 03/23/2017 | Amendment | 03/24/2017 | |
| 05/10/2017 | Change of Registered Agent | 04/26/2017 | Bulk Filing |

Order a Document Copy

# EXHIBIT C

# West Virginia Secretary of State — Online Data Services

## Business and Licensing

Online Data Services Help

## Business Organization Detail

*NOTICE: The West Virginia Secretary of State's Office makes every reasonable effort to ensure the accuracy of information. However, we make no representation or warranty as to the correctness or completeness of the information. If information is missing from this page, it is not in the The West Virginia Secretary of State's database.*

## JOHNSON CONTROLS, INC.

### Organization Information

| Org Type | Effective Date | Established Date | Filing Date | Charter | Class | Sec Type | Termination Date | Termination Reason |
|---|---|---|---|---|---|---|---|---|
| C | Corporation | 5/13/1925 | | 5/13/1925 | Foreign | Profit | | | |

### Organization Information

| | | | |
|---|---|---|---|
| **Business Purpose** | 3334 - Manufacturing - Machinery Manufacturing - Ventilation, Heating, Air-Conditioning and Commercial Refrigeration Equipment Mfg. (fan & blower, air purification, heating, air conditioning & warm air heating) | **Capital Stock** | 0.0000 |
| **Charter County** | | **Control Number** | 0 |
| **Charter State** | WI | **Excess Acres** | 0 |
| **At Will Term** | | **Member Managed** | |
| **At Will Term Years** | | **Par Value** | 0.000000 |
| **Authorized Shares** | 0 | **Young Entrepreneur** | Not Specified |

## Addresses

| Type | Address |
|------|---------|
| **Local Office Address** | 4132 FIRST AVE<br>NITRO, WV, 25143 |
| **Mailing Address** | PO BOX 591<br>X-81<br>MILWAUKEE, WI, 53201-0591<br>USA |
| **Notice of Process Address** | CT CORPORATION SYSTEM<br>1627 QUARRIER ST<br>CHARLESTON, WV, 25311-2124<br>USA |
| **Principal Office Address** | 5757 N GREEN BAY AVE<br>MILWAUKEE, WI, 53209-4408<br>USA |
| **Type** | **Address** |

## Officers

| Type | Name/Address |
|------|--------------|
| **President** | CHRISTOPHER OSBORNE<br>507 E MICHIGAN STREET<br>MILWAUKEE, WI, 53202<br>USA |
| **Secretary** | CHRISTOPHER OSBORNE<br>507 E MICHIGAN STREET<br>MILWAUKEE, WI, 53202<br>USA |
| **Treasurer** | MARC VANDIEPENBEECK<br>5757 N GREEN BAY AVE<br>MILWAUKEE, WI, 53209<br>USA |
| **Vice-President** | JEFF WILLIAMS<br>507 E MICHIGAN STREET<br>MILWAUKEE, WI, 53202<br>USA |
| **Type** | **Name/Address** |

## Mergers

| Merger Date | Merged | Merged State | Survived | Survived State |
|-------------|--------|--------------|----------|----------------|
| 1/17/2001 | ELECTRONIC SYSTEMS USA, INC. | KY | JOHNSON CONTROLS, INC. | WI |
| 1/22/2001 | CARDKEY SYSTEMS, INC. | DE | JOHNSON CONTROLS, INC. | WI |

| 7/3/2002 | CREATIVE CONTROL DESIGNS, INC. | OH | JOHNSON CONTROLS, INC. | WI |
| 3/7/2017 | JAGARA MERGER SUB LLC | WI | JOHNSON CONTROLS, INC. | WI |
| **Merger Date** | **Merged** | **Merged State** | **Survived** | **Survived State** |

| Date | Amendment |
|---|---|
| **3/7/2017** | MERGER: MERGING JAGARA MERGER SUB LLC, A NON-QUALIFIED WI ORGANIZATION WITH AND INTO JOHNSON CONTROLS, INC., A QUALIFIED WI CORPORATION, THE SURVIVOR |
| **7/3/2002** | MERGER: MERGING CREATIVE CONTROL DESIGNS, INC., A NON-QUALIFIED OH ORGANIZATION WITH AND INTO JOHNSON CONTROLS, INC., A QUALIFIED WI CORPORATION, THE SURVIVOR |
| **1/22/2001** | MERGER: MERGING CARDKEY SYSTEMS, INC., A NON-QUALIFIED DE ORGANIZATION WITH AND INTO JOHNSON CONTROLS, INC., A QUALIFIED WI CORPORATION, THE SURVIVOR |
| **1/17/2001** | MERGER: MERGING ELECTRONIC SYSTEMS USA, INC., A NON-QUALIFIED KY ORGANIZATION WITH AND INTO JOHNSON CONTROLS, INC., A QUALIFIED WI CORPORATION, THE SURVIVOR |
| **5/19/1987** | AMENDMENT FILED TO ARTICLES; |
| **4/5/1984** | AMENDMENT: TO THE ARTICLES OF INCORPORATION. |
| **3/1/1979** | MERGER: MERGING GLOBE-UNION INC., A DEL. CORP. NOT QUAL. IN WV, WITH AND INTO JOHNSON CONTROLS, INC., THE SURVIVOR. |
| **8/10/1978** | AMENDMENT: ARTICLES OF AMENDMENT. |
| **12/5/1974** | CHANGE OF NAME FROM JOHNSON SERVICE COMPANY. ROLL 90 |
| **6/23/1969** | AMENDMENT: CERTIFICATE OF INCORPORATION. ROLL 25 |
| **2/19/1969** | AMENDMENT: MERGING PENN CONTROLS, INC. ROLL 20 |
| **5/17/1961** | AMENDMENT: ARTICLES OF INCORPORATION. BOOK 210 P. 297 |
| **5/31/1960** | AMENDMENT: ARTICLES OF INCORPORATION. BOOK 210 P. 265 |
| **5/13/1955** | AMENDMENT: ARTICLES OF INCORPORATION. BOOK 210 P. 94 |
| **5/26/1950** | AMENDMENT: ARTICLES OF INCORPORATION. BOOK 183 P. 517 |
| **5/31/1938** | AMENDMENT: (DATED 2/10/1938) BOOK 152 P. 517 |
| Date | Amendment |

## Annual Reports

Filed For

| |
|---|
| 2020 |
| 2019 |
| 2018 |
| 2017x |
| 2017 |
| 2016 |
| 2015 |
| 2014 |
| 2013 |
| 2012 |
| 2011 |
| 2010 |
| 2009 |
| 2008 |
| 2007 |
| 2006 |
| 2005 |
| 2004 |
| 2003 |
| 2002 |
| 2001 |
| 2000 |
| 1999 |
| **Date filed** |

File Your Current Year Annual Report Online Here

For more information, please contact the Secretary of State's Office at 304-558-8000.

Tuesday, January 19, 2021 — 11:59 AM

© 2021 State of West Virginia